[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 11-11607, 11-11608
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-03384-RWS


WILLIAM B. FISCH,
and
SUNIL KAPILASHRIMI,
and, individually and on behalf of all others similarly situated,
DANIELLE CLAY, et al.,

Plaintiffs-Appellees,

versus

SUNTRUST BANKS, INC., Suntrust Bank,
ALSTON D. CORRELL,
DAVID H. HUGHES, et al.,

Defendants-Appellants,

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(March 5, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

This interlocutory appeal involves a putative class action brought under the Employee Retirement Income Security Act of 1974 ("ERISA") alleging that retirement plan[1] fiduciaries breached their duties by continuing to invest plan assets into the plan sponsor's publically traded securities.  The plaintiffs' disclosure claim alleged that the defendants breached their fiduciary duties by not disclosing to the plan participants material, negative, nonpublic financial information about the sponsor's business and risks associated with investing in the bank.  The plaintiffs' prudence claim alleged that the defendants breached their fiduciary duties under ERISA by continuing to invest in the sponsor's securities when it was imprudent to do so.

Upon motion from the defendants, the district court dismissed the prudence claim on the grounds that it was a veiled diversification claim and barred by 29 U.S.C. § 1104(a)(2).  The district court denied the defendants' motion to dismiss as to the disclosure claim, finding that the plaintiffs had sufficiently alleged an obligation of the plan administrators to disclose nonpublic, negative, material information to the plan participants.

The district court certified two questions for interlocutory review under 28 U.S.C. § 1292(b).  The first question, which relates to the disclosure claim, is:

---

[1] The plan in question qualifies as both an Eligible Individual Account Plan and an Employee Stock Ownership Plan under ERISA.

2

Does ERISA impose upon fiduciaries of an Eligible Individual Account Plan that offers the plan sponsor's publicly traded stock as an investment option a duty to disclose material, nonpublic financial information about the plan sponsor beyond the specific disclosures mandated by ERISA and its implementing regulations?

The second certified question relates to the prudence claim and asks:

Does § 404(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which exempts individual account plans ("EIAPs") that acquire and hold employer securities from ERISA's diversification requirement, exempt fiduciaries of EIAPs from exercising their overarching duty of prudence under §404(a)(1) even when it is imprudent to acquire or hold employer securities in an EIAP?

This Court's recent decision in *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012), resolves the issues in this case. *Home Depot* answers the disclosure claim question in the negative, finding that ERISA does not impose a duty to provide plan participants with nonpublic information affecting the value of the company's stock. *Id.* at 1284. *Home Depot* also answers the prudence claim question in the negative, finding that such a prudence claim was not a veiled diversification claim, and thus does not fall within the § 404(a)(2) exemption. *Id.* at 1276-77.

Defendants argue that alternative grounds exist that would justify a dismissal of the complaint. However, these issues were not dealt with by the district court. Under these circumstances, we feel it best to remand this matter to the district court so that it may proceed in the regular course.

3

We answer both certified questions in the negative, reverse the district court's order granting in part and denying in part the defendants motion to dismiss, and remand to the district court for further proceedings consistent with this opinion and the *Home Depot* decision.

REVERSED AND REMANDED